IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHAWN CHRISTOPHER CLACK, | § | |
| | § | |
| v. | § | C.A. NO. C-97-524 |
| | § | |
| NATHANIEL QUARTERMAN.[1] | § | |

## ORDER TO STRIKE FILING

Petitioner is a state inmate currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, he filed a habeas petition pursuant to 28 U.S.C. § 2254 on October 1, 1997. (D.E. 1). On April 14, 1998, final judgment was entered and his petition was dismissed. (D.E. 26). On October 16, 1998, the Fifth Circuit denied petitioner's motion for a certificate of appealability. (D.E. 34).

Pending is a motion by petitioner in this action after over ten years of dormancy. (D.E. 34). He is "petitioning this court of appeals seeking to have [his] excessive sentence for Murder in the First degree vacated and expunged." Id. at 1. The rest of the motion appears to be a letter relating petitioner's life experiences in a colorful fashion.

Petitioner's pending motion violates numerous rules. First, it lacks a certificate of service. Local Rule 5.3 requires that "[p]apers must have at the end a certificate reflecting how and when service has been made or why service is not required." See also Fed. R. Civ. P. 5(b). Additionally, Local Rule 5.5 mandates that "[a]ll motions must be served on all parties." See also Fed. R. Civ. P. 5(a). Nothing indicates that petitioner served this pending motion on respondent. Next, the pending motion violates Local Rule 10.1 because it does not include any

---

[1] This action originally named Gary Johnson as the respondent. In the pending motion, petitioner lists Warden Norris Jackson of the McConnell Unit as defendant. (D.E. 1). Nathaniel Quarterman, Director of the Texas Department of Criminal Justice, Criminal Institutions Division, is the proper respondent to this application for a writ of habeas corpus, and is hereby substituted as respondent in this action. See Rule 2(a) Rules Governing Section 2254 Cases; see also Fed. R. Civ. P. 25(d).

statement describing the motion in the caption.  Finally, Local Rule 11.3 requires that "[e]very document filed must be signed."  See also Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed ... by a party personally if the party is unrepresented.").  Petitioner did not sign his motion.

It is therefore ORDERED that petitioner's pending motion, (D.E. 34), is hereby STRUCK.

ORDERED this 6th day of July 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE